IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. PRICE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DREQUAN V. PRICE, APPELLANT.

Filed May 10, 2022.    No. A-21-227.

Appeal from the District Court for Douglas County: GARY B. RANDALL and THOMAS A. OTEPKA, Judges. Affirmed.

Katie Jadlowski, of Bartling Law Offices, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

PIRTLE, Chief Judge, and BISHOP and WELCH, Judges.

BISHOP, Judge.

## I. INTRODUCTION

Drequan V. Price appeals the decision of the Douglas County District Court denying his verified motion for postconviction relief without holding an evidentiary hearing, as well as denying his motions for discovery, court-appointed counsel, and leave to amend his motion for postconviction relief. We affirm.

## II. BACKGROUND

### 1. PLEA AND SENTENCE

Price was initially charged in 2018 with one count each of sexual assault in the first degree, a Class II felony; robbery, a Class II felony; and attempted escape, a Class IV felony. However, pursuant to a plea agreement, Price ultimately pled no contest to and was found guilty of one count of sexual assault in the first degree, a Class II felony, and one count of burglary, a Class IIA felony.

- 1 -

The factual basis for Price's no contest pleas is set forth in *State v. Price*, No. A-19-032, 2019 WL 4620280 (Neb. App. Sept. 24, 2019) (selected for posting to court website) (*Price I*). The district court sentenced Price to 30 to 40 years' imprisonment for his first degree sexual assault conviction, to run consecutively to a sentence of 15 to 20 years' imprisonment for his burglary conviction. He was given credit for 234 days' time served. See *id.*

## 2. DIRECT APPEAL

Price's trial counsel filed a timely notice of appeal alleging the district court abused its discretion by (1) denying his motion for continuance to allow him to obtain a new presentence investigation report and (2) imposing excessive sentences. This court affirmed Price's convictions and sentences. See *id.*

## 3. MOTION FOR POSTCONVICTION RELIEF

On September 25, 2020, Price, pro se, filed a verified motion for postconviction relief. In his motion, Price alleged he was denied effective assistance of counsel because counsel (1) "did not raise the issue of me being detained and investigated past my 72 hour without bond or me being charged or me even going in front of a judge to see if I can even get a bond to bond out," and (2) "did not raise the issue of having a competency evaluation in my direct appeal or before I took a plea and before sentencing." He further alleged that his counsel was ineffective "due to her not fully properly advising me of my plea deal."

That same day, September 25, 2020, Price also filed a motion for the appointment of postconviction counsel, a motion for discovery, and a motion for leave to amend his verified motion for postconviction relief. In his motion for discovery Price claimed, verbatim, "I was never disclose of my discovery on what evidence that State claim they have against me nor did I know what defense to use to defend myself." Price also claimed that his trial attorney "did not give [him] the discovery even though he asked for the discovery several times." In his motion for leave to amend his verified motion for postconviction relief, Price again claimed that he never obtained his discovery, and he requested "90 days to [a]mend his postconviction motion beginning [upon] receiving the discovery"; he also requested that the district court rule on his motion to appoint counsel and thereafter grant counsel 90 days to amend the motion.

In its order entered on December 18, 2020, the district court denied Price's motion for postconviction relief without an evidentiary hearing. The court stated that all of Price's claims were based on the ineffective assistance of trial counsel, and that he had the same attorney for trial and appeal. Regarding Price's claim that his attorney was ineffective for failing to request a bond to be set within the first 72 hours of detention, the court found that Price failed to set forth any facts establishing how he was prejudiced even if counsel was ineffective regarding bond. Regarding Price's claim that counsel was ineffective in failing to request a competency evaluation, the court found that Price failed to state sufficient facts to establish that he was incompetent and furthermore, the record of his answers during the plea colloquy refuted that he was incompetent. Finally, the court found that the record refuted Price's claim that his counsel was ineffective for failing to properly advise him of the plea offer, and further, Price failed to state how he was prejudiced in light of the significant plea reduction. For the reasons stated, the court denied Price's motion for postconviction relief without an evidentiary hearing. The court also found that Price

was not entitled to discovery or to have counsel appointed. The court denied Price's motions for the appointment of counsel and to amend his postconviction motion.

On January 25, 2021, Price filed a "Motion of Notice to the Court" stating that the "lastest [sic] order on [his] post-conviction motions" was sent to his former attorney, and not to him. He said he was "demanding [an] evidentiary hearing to review the evidence and all the constitutional rights that's been violated in my case." He also claimed he had finally received his discovery from his former attorney and he requested a 90-day extension so he could "fully file [his] post-conviction appeal."

On February 5, 2021, the district court entered an "Order Denying Motion to Amend and Reconsider." On February 11, Price filed a "Motion for [R]einstatement of Postconviction." Price alleged that the district court's orders were sent to his former attorney and not to him, and therefore he could not appeal from the court's order entered on December 18, 2020.

On February 19, 2021, the district court entered an order finding that Price did not receive notice of the denial of his postconviction motion due to official negligence. Accordingly, the court reinstated Price's direct appeal and gave him "30 days from today's date" to file his appeal from the denial of his postconviction relief. The court also appointed counsel for Price on appeal.

Price timely filed his appeal on March 15, 2021.

## III. ASSIGNMENTS OF ERROR

Price assigns that the district court erred in its denial of his (1) motion for discovery, (2) motion for leave to amend his verified motion for postconviction relief, (3) motion for court-appointed counsel for his postconviction action, and (4) verified motion for postconviction relief without holding an evidentiary hearing.

## IV. STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Jaeger*, 311 Neb. 69, 970 N.W.2d 751 (2022).

We review the failure of the district court to provide court-appointed counsel in a postconviction proceeding for an abuse of discretion. *State v. Taylor*, 300 Neb. 629, 915 N.W.2d 568 (2018).

## V. ANALYSIS

### 1. GENERAL PROPOSITIONS GOVERNING POSTCONVICTION

The district court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the state or federal Constitution. *State v. Jaeger, supra*. However, the allegations in a motion for postconviction relief must be sufficiently specific for the district court to make a preliminary determination as to whether an evidentiary hearing is justified. *Id.* An evidentiary hearing is not required on a motion for postconviction relief when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights rendering the judgment void or voidable; (2) the motion alleges only

conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief. *Id.*

When a district court denies postconviction relief without conducting an evidentiary hearing, an appellate court determines de novo whether the petitioner has alleged facts that would support the claim and, if so, whether the files and records affirmatively show that he or she is entitled to no relief. *Id.* The appellate court does not conduct this review sua sponte, however; as with all appeals, the alleged errors of the lower court must be both specifically assigned and specifically argued in the brief of the party asserting the errors to be considered by the appellate court. *Id.* The appellate court will not scour the record on appeal to understand unclear arguments or find support for broad conclusions. *Id.*

Furthermore, the appellate court will not consider allegations not presented to the district court for disposition through the defendant's verified motion for postconviction relief or passed upon by the postconviction court. *Id.* Except for instances of plain error, only those issues both raised or passed upon below and specifically assigned and specifically argued on appeal will be considered by the appellate court. *Id.*

Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge. *Id.* Thus, when a defendant pleads guilty or no contest, the defendant is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *Id.*

A motion for postconviction relief cannot be used to secure review of issues that were or could have been litigated on direct appeal, but when, as here, the defendant is represented both at trial and on direct appeal by the same counsel, the defendant's first opportunity to assert ineffective assistance of trial counsel is in a motion for postconviction relief. *Id.*

### 2. DISCOVERY

Price claims the district court abused its discretion by denying his motion for discovery.

The trial court has broad discretion in granting discovery requests and errs only when it abuses its discretion. *State v. Jackson*, 275 Neb. 434, 747 N.W.2d 418 (2008). In *State v. Jackson*, the Nebraska Supreme Court stated,

> The Nebraska Postconviction Act looks unfavorably on any attempts to rehash issues at the postconviction stage which were--or could have been--raised and disposed of at trial or on direct appeal. Thus, prisoners cannot seek discovery at the postconviction stage if the requested evidence could have been obtained at trial. But when a postconviction discovery request is for evidence that the defendant would not have known to request until *after* the trial, the postconviction stage is the prisoner's first opportunity to make such a request.
>
> Such a circumstance could exist when a prosecutor withheld evidence before trial that, although not exculpatory on its own, might have led to the defendant's discovery of exculpatory evidence.

*State v. Jackson*, 275 Neb. at 434, 747 N.W.2d at 436. (Emphasis in original).

Price argues that postconviction was his first opportunity to make a request for discovery and that his motion asserted he had not received discovery materials previously and had not

discussed discovery materials with his counsel. "Thus, in the trial and direct appeal phase of the proceedings, Price did not know what materials existed." Brief for appellant at 10. "Further, the same counsel represented Price at the trial and direct appeal phases and as such, he could not personally request the materials/the record." *Id*.

We note that in his motion for postconviction relief, Price did not make an ineffective assistance of counsel claim regarding the discovery materials. And he made no claim that the State withheld discovery materials from him.

In his motion for discovery, Price claimed, verbatim, "I was never disclose of my discovery on what evidence that State claim they have against me nor did I know what defense to use to defend myself." Price also claimed that his trial attorney did not give him the discovery even though he asked for it several times. However, at the plea hearing, the district court asked Price if he had sufficient time to discuss the pleas with his attorney before the hearing, and Price responded, "Yes, sir." The court also asked Price if he had told his attorney everything he knew about the case so that his attorney could formulate an appropriate defense on his behalf; Price again responded, "Yes, sir." Price also confirmed that he was satisfied with the services his attorney had provided to him. Additionally, a factual basis for Price's pleas was given on the record and found sufficient to support his convictions. Based on these facts, we find no abuse of discretion in the district court's denial of Price's motion for discovery.

For the sake of completeness, we note that in his subsequent January 25, 2021, "Motion of Notice to the Court," Price stated that he had finally received his discovery from his former attorney and he requested a 90-day extension so he could "fully file [his] post-conviction appeal." However, neither in that motion nor in his appellate brief did Price state how the discovery would have made a difference in his decision to plead no contest to the charges against him.

### 3. MOTION FOR LEAVE TO AMEND POSTCONVICTION MOTION

Price claims that the district court erred in denying him leave to amend his verified motion for postconviction relief. We review the district court's decision in this regard for an abuse of discretion. *State v. Stricklin*, 300 Neb. 794, 916 N.W.2d 413 (2018).

Price argues that he simultaneously filed motions for discovery and for the appointment of postconviction counsel, and he requested 90 days to amend his postconviction motion, with or without counsel. The State responds by arguing that Price was not seeking leave to immediately amend his postconviction motion in order to add factual allegations or include additional claims, but instead was using the motion to amend as a placeholder and it was predicated on a grant of his request for counsel and discovery.

In *State v. Stricklin, supra*, Stricklin filed "a motion seeking 'permission to Amend the Motion for Postconviction after the Court grants appointment of Counsel.'" *Id.* at 802, 916 N.W.2d at 423. During a telephonic hearing, the district court sought clarification, and Stricklin confirmed that he was not asking to amend his postconviction motion that day, but that if the court determined an evidentiary hearing was warranted, then Stricklin was asking for counsel to be appointed and then the ability to amend at that time. The court ultimately denied the motion. On appeal, the Nebraska Supreme court stated,

> The record affirmatively shows Stricklin was not seeking leave to immediately amend his postconviction motion in order to add factual allegations or include additional

claims. Instead, he intended the motion to serve as a placeholder of sorts for a possible future motion to amend by appointed counsel. Given the conditional nature of Stricklin's request, we find no abuse of discretion in denying the motion.

*Id.* at 803, 916 N.W.2d at 423.

Price's motion for leave to amend his postconviction motion was likewise meant to serve as a placeholder and was conditioned on the district court granting him discovery and/or appointing counsel. Given the conditional nature of Price's request, we find no abuse of discretion in the district court's denial of the motion for leave to amend.

### 4. APPOINTMENT OF COUNSEL

Price claims the district court abused its discretion when it did not grant his motion for the appointment of postconviction counsel.

Under the Nebraska Postconviction Act, it is within the discretion of the trial court as to whether counsel shall be appointed to represent the defendant. *State v. Taylor*, 300 Neb. 629, 915 N.W.2d 568 (2018). Where the assigned errors in the postconviction petition before the district court are either procedurally barred or without merit, thus establishing that the postconviction proceeding contained no justiciable issue of law or fact, it is not an abuse of discretion to fail to appoint appellate counsel for an indigent defendant. *Id.* Failure to appoint counsel in postconviction proceedings is not error in the absence of an abuse of discretion. *State v. McGhee*, 280 Neb. 558, 787 N.W.2d 700 (2010).

Price argues that it was undisputed that he was indigent, and that

[t]he record shows that a justiciable issue of law or fact was presented . . . to wit: Price did not review, receive, or discuss the discovery materials/the record with counsel-even after requesting access to his discovery materials/the record-and had he reviewed, received, and discussed said materials then he would have insisted on proceeding to trial.

Brief for appellant at 9. And "[t]he only reason said justiciable issue does not appear on the face of his postconviction motion is because the District Court denied him leave to amend his motion to state a justiciable issue." *Id.*

The State argues that "Price's claims fail to provide facts demonstrating his trial counsel was ineffective, fail to articulate the prejudice that would have resulted, fail to establish that he would have proceeded differently had his attorney's conduct been different, and/or are refuted by the record of the trial-level proceedings." Brief for appellee at 15. Therefore, there was a "lack of a justiciable issue of law or fact" and the district court did not abuse its discretion by denying Price's motion for counsel. *Id.*

The sole justiciable issue cited by Price in his brief on appeal is the discovery issue. As stated previously, in Price's motion for postconviction relief he did not make an ineffective assistance of counsel claim regarding the discovery materials. We have also already determined that based on the facts of this case, the district court did not abuse its discretion in denying Price's motion for discovery. And as discussed below, we find that the two ineffective assistance of counsel claims raised by Price fail. Accordingly, because there was no justiciable issue of law or fact, the district court did not abuse its discretion by denying Price's motion for counsel.

## 5. DENIAL OF POSTCONVICTION RELIEF WITHOUT EVIDENTIARY HEARING

Price claims the district court abused its discretion by denying his motion for postconviction relief without an evidentiary hearing. He argues that he set forth sufficient factual allegations to show that he did not receive effective assistance of trial counsel because counsel (1) failed to challenge his initial detention/arrest and (2) failed to secure a competency evaluation and raise related defenses.

To prevail on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. Jaeger*, 311 Neb. 69, 970 N.W.2d 751 (2022). The voluntariness of a plea entered upon the advice of counsel depends on whether the advice was within the range of competence demanded of attorneys in criminal cases. *Id.* In determining whether a trial counsel's performance was deficient, there is a strong presumption that counsel acted reasonably. *Id.* In order to satisfy the prejudice requirement in the context of a plea, the defendant must show that his or her counsel erred and there is a reasonable probability that but for counsel's errors, the defendant would not have pled and would have insisted upon going to trial. *Id.*

### (a) Failure to Challenge Initial Detention/Arrest

Price argues that his trial counsel was ineffective because counsel failed to challenge his "initial detention/arrest as an unlawful seizure because he was detained without probable cause and held without bond-*i.e.*, at the time of his arrest and, thereafter for at least three (3) days, law enforcement lacked the requisite probable cause." Brief for appellant at 12. Price claims that he instructed trial counsel to make the challenge, but that counsel failed to do so. He then contends that "[h]ad trial counsel challenged Price's initial detention/arrest . . . trial counsel would have been able to suppress the incriminating evidence resulting from the unlawful detention/arrest as 'fruit of the poisonous tree.'" *Id.* at 13.

However, in his motion for postconviction relief, Price only alleged, verbatim, that his counsel was ineffective

> because she did not raise the issue of me being detained and investigated past my 72 hour without bond or me being charged or me even going in front of a judge to see if I can even get a bond to bond out. I was booked in [D]ouglas County Correctional on April 23ʳᵈ but didn't see a judge until May 4ᵗʰ when they finally set me a bond. This act violates my Fifth amendment due Process constitutional right to know what Im being detain for and also have a bond or no bond on the alleged offenses accused of.

Thus, at the time of his motion for postconviction relief, Price only raised counsel's ineffectiveness in failing to secure a bond hearing; Price did not raise the issue of an illegal search and seizure or the possibility of suppressing evidence. In an appeal from the denial of postconviction relief, an appellate court will not consider for the first time on appeal claims that were not raised in the verified motion. See *State v. Britt*, 310 Neb. 69, 963 N.W.2d 533 (2021). Nevertheless, as noted by the State, "Price has not identified the evidence he believes could have been suppressed as a result of a potential suppression motion, much less argued the rationale for its success." Brief for appellee at 19. Additionally, he has "not explained how a bond hearing, if secured, would have

ensured his insistence on going to trial." *Id.* Because Price has failed to establish prejudice, this claim of ineffective assistance of counsel fails.

(b) Failure to Secure Competency Evaluation

Price claims that his trial counsel was ineffective because counsel failed to secure a competency evaluation and raise related defenses. He argues that trial counsel failed to have him "evaluated for competency and/or sanity." Brief for appellant at 13.

In his motion for postconviction relief, Price claimed his counsel was ineffective because she did not raise the issue of a competency evaluation before he pled or before sentencing, nor did she raise it in his direct appeal. He alleged that the record showed he had a mental health issue and was diagnosed with bipolar and schizophrenia. He claimed the probation officer "completely misread and misinterpreted" him and that his attorney had stated "they spent a lot of time with [him] and that there is a flat affect about [him] due to the type of medications [he] was on and [his] mental health history." He also claimed that in his direct appeal his counsel stated that Price had not taken his medication for his mental health issue since he was 13 or 14 and that he "started back taking medication when [he] got incarcerated . . . to help stabilize [his] mental illness."

On appeal, Price claims that a "criminal defense attorney with ordinary skill and training would have had Price evaluated and thereafter, raised an insanity defense." Brief for appellant at 15. He argues that the failure to do so "prevented Price from raising a cognizable defense and, therefore, denied him due process of law." *Id*.

A person is competent to plead or stand trial if he or she has the capacity to understand the nature and object of the proceedings against him or her, to comprehend his or her own condition in reference to such proceedings, and to make a rational defense. *State v. Dunkin*, 283 Neb. 30, 807 N.W.2d 744 (2012). The test of mental capacity to plead is the same as that required to stand trial. *Id.* A defendant can meet the modest aim of legal competency, despite paranoia, emotional disorders, unstable mental conditions, and suicidal tendencies. See *State v. Hessler*, 282 Neb. 935, 807 N.W.2d 504 (2011). The fundamental question is whether the defendant's mental disorder or condition prevents the defendant from having the capacity to understand the nature and object of the proceedings, to comprehend the defendant's own condition in reference to such proceedings, and to make a rational defense. *Id.* In order to demonstrate prejudice from counsel's failure to investigate competency and for failing to seek a competency hearing, the defendant must demonstrate that there is a reasonable probability that he or she was, in fact, incompetent and that the trial court would have found him or her incompetent had a competency hearing been conducted. *State v. Dunkin, supra.*

At the plea hearing, the following colloquy took place.

> THE COURT: Sir, have you ever been treated for a mental illness, or do you now suffer from any mental or emotional disability?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: What is that?
>
> THE DEFENDANT: Schizophrenia and bipolar.
>
> THE COURT: Do you take medication for that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Have you taken your medication while you've been incarcerated?

- 8 -

THE DEFENDANT: Yes, sir.

THE COURT: Is there anything about having that disorder that has in any way affected your ability to understand the charges against you?

THE DEFENDANT: No, sir.

THE COURT: Is there anything about having that disorder that has made it difficult or not possible for you to communicate properly with your attorney?

THE DEFENDANT: No, sir.

Price also confirmed that he had sufficient time to discuss his pleas with his counsel, had told counsel everything he knew about the case so that counsel could formulate all appropriate defenses, and that he was satisfied with the services his counsel provided to him. Additionally, Price confirmed that he understood his constitutional rights and that he wished to plead no contest to the charges.

At the sentencing hearing, Price's counsel sought to have portions of the presentence investigation report struck as inaccurate and biased. Counsel stated,

[The probation officer] met with Mr. Price for less than an hour. They documented his mental health history. They documented the fact that he's on medications. And I can say with almost certainty, because we had spent way more time with Mr. Price than [the probation officer] did, that there is a flat affect about Mr. Price due to the type of medications he's on and his mental health history. And I am confident that [the probation officer] completely misread and misinterpreted this. Again, I think it would go to show some bias in there.

There is nothing in the record to suggest that Price did not understand the object or nature of the proceedings or his own condition in reference to the proceedings, and there was no suggestion that Price was not legally competent when he entered his pleas or at the time of sentencing. Accordingly, Price's claim of ineffective assistance of trial counsel fails.

## VI. CONCLUSION

For the reasons stated above, we find no abuse of discretion in the district court's decision to deny Price's motions for discovery, court-appointed counsel, and leave to amend his motion for postconviction relief. Further, we find no abuse of discretion in the district court's decision to deny Price's verified motion for postconviction relief without holding an evidentiary hearing.

AFFIRMED.